UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

GUY CHRISTIAN O. AGBOR,

                Plaintiff,

-against-

JANET NAPOLITANO, Secretary of the
Department of Homeland Security, *et al.*,

                Defendants.

---

08 Civ. 7801 (RJH)

**MEMORANDUM OPINION AND ORDER**

      Pro se plaintiff Guy Christian O. Agbor brings this action against defendants Janet Napolitano, Secretary of Department of Homeland Security; Eric H. Holder Jr., Attorney General of the United States; Michael Aytes, Acting Director, U.S. Citizenship and Immigration Services; Greg Collet, District Director, U.S. Citizenship and Immigration Services, Baltimore, Maryland District; and Robert S. Mueller, Director of the Federal Bureau of Investigation, to compel the U.S. Citizenship and Immigration Services ("CIS") to adjudicate his Form I-485 application for adjustment of status. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion is granted.

## BACKGROUND

      Plaintiff Agbor is a citizen of Cameroon who entered the United States in 1999 and was granted asylum in July 2000. (Am. Compl. ¶ 2.) On September 25, 2001, plaintiff submitted to CIS a Form I-485, Application to Adjust to Permanent Resident Status. (*Id.*) In September 2008, plaintiff filed the present action, alleging that CIS "willfully, and unreasonably, [] delayed in and ha[s] refused to adjudicate [his] application." (*Id.* ¶ 22.) Plaintiff seeks to compel CIS "to

immediately adjudicate Plaintiff's application for adjustment of status" and "to immediately allow the Plaintiff to file his application for citizenship and to grant this citizenship application immediately." (*Id.* ¶ 26.)

Defendants now move to dismiss plaintiff's action as moot. On January 27, 2009, CIS adjudicated plaintiff's I-485 application and denied it as a matter of discretion. (*See* Bober Decl. Ex. A.) More specifically, CIS found that plaintiff had failed to show "why administrative discretion [to adjust his status to a permanent resident] should be favorably exercised" when plaintiff had been convicted multiple times of driving while intoxicated. (*Id.*) Because CIS has decided plaintiff's application, defendants argue that no case or controversy remains.

## DISCUSSION

### I.  Mootness

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing, by a preponderance of the evidence, that subject matter jurisdiction exists over the complaint. *Id.* (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996)). In deciding such a motion, the Court may refer to evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment. *See Luckett v. Bure,* 290 F.3d 493, 496-97 (2d Cir. 2002).

A case is moot when "the parties lack a legally cognizable interest in the outcome," *Catanzano v. Wing,* 277 F.3d 99, 107 (2d Cir. 2001) (citing *Powell v. McCormack,* 395 U.S. 486, 496 (1969)), and the court can no longer provide any relief that could effectually redress the

2

plaintiff's claimed injuries, *see In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Id.*

Courts have generally held that where, as here, a plaintiff seeks to compel the immigration authorities to adjudicate an application for immigration benefits, and the application is thereafter adjudicated, the case is moot and must therefore be dismissed for lack of subject matter jurisdiction. *See, e.g., Kia v. INS*, 175 F.3d 1014 (table), 1999 WL 172818, at *1 (4th Cir. Mar. 30, 1999) (per curiam) ("[T]he INS' denial of naturalization shortly after [plaintiff] filed suit mooted the case and deprived the court of jurisdiction."); *Sze v. INS*, 153 F.3d 1005, 1010 (9th Cir. 1998) (where appellants' naturalization applications were granted while appeal was pending, court "lack[ed] jurisdiction under Article III to consider th[e] appeal"). This district has also followed the same course. *See Mostovoi v. Sec'y of Dept. of Homeland Sec.*, No. 06 Civ. 6388 (GEL), 2007 WL 2363717, at *1 (S.D.N.Y. Aug. 10, 2007) (dismissing complaint as moot where CIS approved naturalization application after plaintiff filed suit); *Bahet v. Ashcroft*, No. 01 Civ. 9334 (CM), 2002 WL 971712, at *1 (S.D.N.Y. Apr. 10, 2002) (dismissing complaint as moot where INS denied naturalization application after plaintiff filed suit); *Lawal v. INS*, No. 94 Civ. 4606 (CSH), 1996 WL 384917, at *2 (S.D.N.Y. July 10, 1996) (dismissing complaint as moot because "[t]he only relief that the complaint sought was a judicial order that the INS act," and "[t]he INS has acted").

In a similar case, *Kim v. Aguirre*, No. 03 Civ. 6494 (RJH) (KNF), 2004 WL 1773432 (S.D.N.Y. July 1, 2004), this Court held that the case is moot even where a plaintiff alleges that CIS acted in bad faith by rendering an erroneous decision after litigation was commenced. In that case, CIS denied the plaintiffs' applications for adjustment of status soon after plaintiffs brought suit to compel adjudication and argued that the case was moot because plaintiffs

3

received the precise relief they prayed for in the complaint. The Court concluded that although "[a]dmittedly, the timing and outcome of the CIS decision was peculiarly convenient for defendants," the case must be dismissed as moot because "the Court is bound by precedent, which dictates that this matter be dismissed [for lack of subject matter jurisdiction]." *Id.* (internal citations omitted).

As the complaint now stands, the plaintiff seeks adjudication of his I-485 application. Although plaintiff also seeks leave to file an application for citizenship and for this application to be immediately granted, these claims are dependent on his primary claim for adjustment of status as a permanent resident because federal regulation provides that only permanent residents are eligible for naturalization. *See* 8 C.F.R. § 316.2 (providing that "to be eligible for naturalization, an alien must establish that he or she . . . [h]as been lawfully admitted as a permanent resident of the United States" and "[h]as resided continuously within the United States . . . for a period of at least five years after having been lawfully admitted for permanent residence" and that "[t]he applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident to the United States . . . ."); *United States v. Ginsberg*, 243 U.S. 472, 475 (1917) ("No alien has the slightest right to naturalization unless all statutory requirements are complied with . . . ."); *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) ("[T]here must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship."); *INS v. Pangilinan*, 486 U.S. 875, 886 (1988) ("[T]he burden is on the alien applicant to show his eligibility for citizenship in every respect.") (quoting *Berenyi v. District Director, INS,* 385 U.S. 630, 637 (1967)). Accordingly, the relief sought by plaintiff,

that CIS adjudicate his application, has been granted by CIS, and the Court lacks subject matter jurisdiction to consider this case because it is moot.

## II. Lack of Jurisdiction to Review CIS's Discretionary Decision

In his response to defendants' motion to dismiss for lack of subject matter jurisdiction, plaintiff argues that the Administrative Procedure Act ("APA") provides the Court with jurisdiction to review CIS's decision. Even assuming, arguendo, that the case should not be dismissed on mootness grounds, the Court holds that it lacks jurisdiction to consider the challenge to the merits of CIS's decision.

As an initial matter, the APA contains a plain language exception for discretionary agency decisions. *See Keane v. Chertoff,* 419 F. Supp. 2d 597, 601 (S.D.N.Y. 2006) ("[T]he APA does not apply to 'agency action . . . committed to agency discretion by law,' 5 U.S.C. § 701(a)(2), and the plain language of the INA labels adjustment of status a discretionary act, 8 U.S.C. § 1255(a)."). But even if the APA applied, the relevant portion of the Immigration and Nationality Act ("INA") states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [8 U.S.C. § 1255] or . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B). Interpreting this clause, the Court of Appeals held that "[a]djustment of status is a matter of grace, not of right, and the evaluation of such applications is left to the discretion of the Attorney General." *Wallace v. Gonzales,* 463 F.3d 135, 137 (2d Cir. 2006). Accordingly, judicial review of discretionary denials of applications for adjustment of status is "barred by the plain language of 8 U.S.C. § 1252(a)(2)(B)(i)." *Bugayong v. INS,* 442 F.3d 67, 71 (2d Cir. 2006); *accord Kim v. Ashcroft,*

340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004) ("[T]he decision of whether to grant or deny an adjustment application is wholly discretionary."); *Tailurishvili v. Dep't of Homeland Sec.*, No. 03 Civ. 10224 (JSR), 2004 WL 1823561, at *2 (S.D.N.Y. Aug. 16, 2004) ("[A] federal District Court lacks jurisdiction to review the Government's denial of [plaintiff's] adjustment of status under § 1255.").

INS's decision clearly indicates that plaintiff's application was "denied as a matter of discretion" pursuant to 8 U.S.C. § 1159(b), which states: "[t]he Secretary of Homeland Security or the Attorney General, *in the Secretary's or the Attorney General's discretion* . . . may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum . . . ." (Bober Decl. Ex. A (emphasis added).) This discretionary decision falls within the jurisdiction-depriving provision of 8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, the Court lacks jurisdiction to consider the merits of CIS's denial of plaintiff's application.

## CONCLUSION

Plaintiff is not without remedies, as he is eligible to file a motion to reconsider pursuant to 8 C.F.R. § 103.5(a), and the government indicates that he has done so. (Def. Mem. at 6 n.3.) The result of such motion notwithstanding, for the foregoing reasons, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction [8] is GRANTED.

SO ORDERED.

Dated: New York, New York
August 7, 2009

_____
Richard J. Holwell
United States District Judge